UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC,  :
:  Civil Action No. <u>1:14-cv-707</u>
                Plaintiff,  :
:
      vs.  :
:
JOHN DOE subscriber assigned IP address  :
24.165.105.222,  :
:
                Defendant.  :
:
---------------------------------------------------------------X

**ORDER ON MOTION FOR LEAVE TO SERVE**
<u>**THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**</u>

**THIS CAUSE** came before the Court upon Plaintiff'sMotion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion")**,** and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

      1.     Plaintiff established that "good cause" exists for it to serve a third party subpoena on Time Warner Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, \*4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

      2.     Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

    3.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

    4.      If the ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

bysending a copy of this Order to the Defendant.

    5.      Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

    **DONE AND ORDERED** this <u>12th</u> day of <u>September, 2014</u>, <>.


By:   <u>/s/Timothy S. Black</u>
      **UNITED STATES DISTRICT JUDGE**